IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**PHILLIP MUNSON, BRANDON RAY KUBIK**                                **PLAINTIFFS**
**and JEREMY McNEAL, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                       No. 5:22-cv-4051

**STRYTEN ENERGY, LLC**                                              **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Phillip Munson, Brandon Ray Kubik and Jeremy McNeal (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action against Stryten Energy, LLC ("Defendant"), state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiffs and all others similarly situated a proper overtime compensation under the FLSA within the applicable statutory limitations period.

2. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the District of Kansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Kansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Kansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Kansas.

6. Plaintiffs were employed by Defendant at its facilities located in Salina. The acts alleged in this Complaint therefore had their principal effect within this District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7. Plaintiff Phillip Munson ("Munson") is an individual and resident of Saline County.

8. Plaintiff Brandon Ray Kubik ("Kubik") is an individual and resident of Saline County.

9. Plaintiff Jeremy McNeal ("McNeal") is an individual and resident of Saline County.

10. Defendant is a foreign, limited liability company.

11. Defendant's registered agent for service is Corporation Service Company at 505 5th Avenue, Suite 729, Des Moines, Iowa 50309.

12. Defendant, in the course of its business, maintains a website at https://www.stryten.com/.

## IV.     FACTUAL ALLEGATIONS

13. During the relevant statute of limitations period, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools, materials, and equipment.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) during the relevant statute of limitations period.

15. Defendant employed Munson as an hourly-paid Machine Operator from August of 2017 until the present.

16. Defendant employed Kubik as an hourly-paid Material Handler from January of 2021 until the present.

17. Defendant employed McNeal as an hourly-paid Team Lead from 2015 or 2016 until March of 2020, and again from October of 2021 until the present.

18. Defendant also employed other hourly-paid workers, who, upon information and belief, were paid in the same or a similar manner as Plaintiffs (hereinafter, "hourly employees").

19. Defendant classified Plaintiffs and other hourly employees as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

20. At all times material herein, Plaintiffs and other hourly employees have been entitled to the rights, protections, and benefits provided under the FLSA.

21. At all relevant times herein, Defendant directly hired Plaintiffs and other hourly employees to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding their employment.

22. At all times material herein, Defendant was an "employer" of Plaintiffs and other hourly employees within the meaning of the FLSA.

23. Plaintiffs regularly worked over forty hours per week while employed by Defendant.

24. Other hourly employees worked over forty hours in at least some weeks while employed by Defendant.

25. In addition to their hourly pay, Plaintiffs received incentive bonuses based on production criteria ("production bonuses").

26. Upon information and belief, other hourly employees also received production bonuses.

27. The production bonuses were based on measurable, objective criteria.

28. Plaintiffs and other hourly employees expected to receive and did in fact receive these production bonuses on a periodic basis.

29. Defendant determined the regular rate of pay of Plaintiffs and other hourly employees based solely on their base hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiffs and other hourly employees.

30. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

32. At all relevant times herein, Defendant has deprived Plaintiffs and other hourly employees of proper overtime compensation for all hours worked over forty per week.

33. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiffs brings their FLSA claim on behalf of all other similarly situated employees who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

35. Plaintiffs propose the following collective under the FLSA.

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they**

**worked more than forty hours within the past three years.**

36. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38. The proposed FLSA collective members are similarly situated in that they share these traits:

   A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

   B. They were paid hourly rates;

   C. They were eligible for and received nondiscretionary bonuses;

   D. They worked over forty hours in at least one week in which they performed work in connection with a bonus; and

   E. They were subject to Defendant's common policy of failing to include the bonuses in their regular rate when calculating their overtime pay.

39. Plaintiffs are unable to state the exact number of the collective but believe that there are at least 100 other employees who worked as hourly employees and received an improperly calculated overtime rate due to a failure to include the nondiscretionary bonuses in their regular rate of pay.

40. Defendant can readily identify the members of the Section 16(b) collective described above.

41. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

42. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

45. Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked over 40 each week.

46. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty per week.

47. Defendant violated 29 C.F.R. § 778.208 by not including all forms of compensation, including nondiscretionary bonuses, in Plaintiffs' regular rate when calculating their overtime pay.

48. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

51. Plaintiffs bring this collective action on behalf of themselves and all similarly situated employees to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all hours they and all others similarly situated worked in excess of forty each week.

52. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

53. Defendant classified Plaintiffs and others similarly situated as nonexempt from the overtime requirements of the FLSA.

54. Defendant failed to pay Plaintiffs and all others similarly situated 1.5x their regular rate for all hours worked over 40 each week.

55. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

56. Defendant violated 29 C.F.R. § 778.208 by not including all forms of compensation, such as nondiscretionary bonuses, in Plaintiffs' and all other similarly situated employees' regular rate when calculating their overtime pay.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

58. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided for by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Phillip Munson, Brandon Ray Kubik and Jeremy McNeal, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its attendant regulations;

D. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and its attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA and its attendant regulations;

G. An order directing Defendant to pay Plaintiffs and members of the collective interest, reasonable attorney's fees, and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PHILLIP MUNSON, BRANDON RAY KUBIK and JEREMY McNEAL, Each Individually and On Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Harness*
Courtney Harness
Dist. Court of KS No. 79047
harness@sanfordlawfirm.com

*/s/ Joanie Harp*
Joanie Harp
Ark. Bar No. 202086
joanie@sanfordlawfirm.com
*PHV Motion to be filed*